## Sumner v. Lyman.

This was a petition, in nature of a bill of review in equity. The petition stated — That in December, 1785, there were sundry controversies subsisting between the parties, some of which were actions pending in court:   That the parties agreed to submit all their disputes, of every kind, to arbitrament, and the same was then made a rule of the Superior Court, sitting by adjournment in Hartford; in which rule of submission was expressly comprehended, one suit at law, depending before the Superior Court, in the county of Hartford; one suit, before the Court of Common Pleas, in Hartford; one suit, before the Court of Common Pleas, in Middlesex county; and one suit, before the Superior Court, in the county of Windham; with several other matters not in suit:—That the arbitrators returned their award, in favor of Lyman, to the Superior Court, sitting at Hartford, on the first Tuesday of March, 1786; and the award was accepted by the court, and judgment rendered thereon.

The petition then states all the matters referred to the arbitrators, and the evidence exhibited; and that one material fact was established, contrary to truth, upon the assertion of said Lyman, by reason of which the petitioner most unjustly lost upwards of £300:   That he has since discovered new and material evidence, which he had not, and did not know of at the time of the former trial (naming the witnesses) by which he could show said fact to be directly contrary to what it then appeared; and that Lyman had been guilty of great knavery in several of the transactions submitted, which did not then appear:   And that a suit is

now pending upon that bond given to abide the award of said arbitrators: The prayer of the petition, therefore, was, that said bond and suit be decreed void, and that another trial of said matters of controversy be granted.

Mr. Dana, for the respondent, took six exceptions, by way of abatement: —

1. That said Lyman dwells in the county of Middlesex, and said Sumner in the county of Windham; and neither of them are, or was, at the date of said petition, an inhabitant of the county of Hartford; and the title of land is not concerned in said petition: And by the statute in such case provided, all suits and actions, where the title of land is not concerned, are to be brought and tried in that county where the plaintiff or defendant dwells, if they, or either of them, are inhabitants of this state.

2. That said submission before said adjourned Superior Court, holden at Hartford, in November, 1785, being an original submission of various controversies, not otherwise pending before said court, and respecting which they had no cognizance or authority, except by virtue of said submission; and the power and authority granted thereby having expired upon the acceptance of said award of arbitrators, in March, 1786, no new trial can now be granted by this court respecting said controversies, submission, or award.

3. That said petition contains matters scandalous and impertinent, by improbably accusing said Lyman of knavery, as therein stated.

4. That the return of said award, before said Superior Court, holden in March, 1786, the said Sumner had an opportunity of excepting and remonstrating against the acceptance thereof, for any error, corruption, partiality, or misbehavior of said arbitrators.

Sumner v. Lyman.

5. That it appears by the petitioner's own showing, that antecedent to said trial before arbitrators, he had knowledge of said witnesses, now mentioned as new discovered, and might have had the benefit of their testimony.

6. That said petition, and the matters therein contained, are insufficient, etc.

Mr. Dana contended — That upon general principles, laying all other difficulties out of the case, there was not sufficient matter stated to warrant a new trial.   The principal facts alleged are — that the petitioner has since found that he can now produce witnesses, not before produced, which will place some facts, litigated before the arbitrators, in a point of view different from what then appeared; — but nothing is stated to evince, that if the petitioner had paid proper attention to the preparation of his cause, he might not then have produced all the evidence now discovered; unless that was the case, he cannot be entitled to the relief prayed for.   No one shall be permitted to profit by his own negligence; nor is a new trial ever to be granted for evidence which might have been obtained at a former trial, or on account of evidence discovered after the trial, which, by using due diligence, might have been discovered before.— 1 Wilson, 93, Coke v. Berry; 5 Bacon's Abrid. 225.

It is made a principal ground of complaint in the petition — that an important fact was established contrary to truth, upon the testimony of the respondent, the petitioner not having evidence at that time to confront it.. But this is not a ground for a new trial; for the parties are supposed, and it is their duty to come prepared at all points, and they shall not say they were surprised by unexpected evidence.   It must be of dangerous consequence in the extreme to grant a new trial upon a suggestion that a party was not apprised

of an evidence, and therefore not prepared to answer it.— 2 Atkins' Reports, 321, Richards v. Symes.

A bill of review may be had in chancery, upon oath made of the discovery of new matter or evidence, which could not possibly be had or used at the time when the decree passed. 3 Black. Com. 454. But that is not this case. Nor does there appear, from the petitioner's own stating, any great probability, but that the merits have been fully and fairly discussed, or that any material mistake has taken place; — and it does appear, that the point to which the new discovered evidence is to apply, was discussed, and witnesses examined on both sides: The case, therefore, cannot be opened, on a mere supposed probability, that on a more full inquiry, facts may appear differently; for this would render all decisions founded on facts uncertain, and protract litigation to an endless length. 3 Blackst. Com. 391, 392; 1 Wilson, 22; 2 Str. 1142, Ashley v. Ashley, and Smith v. Higgins; 5 Bacon's Abrid. 247; 2 Wilson, 306, Goslin v. Wilcox; 2 Atkins, 530, 531, Bennet v. Lee; 2 Atkins, 179, Standish v. Rodney.

The first exception taken, goes to the jurisdiction.— The statute is explicit, " That all suits and actions, wherein the title of land is not concerned, shall be brought and tried in the county where the plaintiff or defendant dwells."— This statute has always been construed to extend to suits in equity, as well as suits at law, and the reason equally applies.

As to the next point — This being an award of arbitrators, cannot be revised by the court at this time. The petitioner has had a full opportunity to oppose the acceptance of the award, at the time it was returned; he did not

do it; he has therefore waived all advantage that might have been taken on that ground, and acquiesced in the award. The powers of the arbitrators, which were derived from consent of parties, are gone, and the court cannot now decree, that the cause shall again be opened before them; for it would be creating a new tribunal not acknowledged by law: Nor can the court open this matter before itself; for the award was, upon a number of independent controversies, many of which were in no way cognizable by this court, except by agreement of parties, for the purpose of a submission only. This has been completely done and executed, and the authority of the court over them expired. To open these matters again before this court, will be to take from the parties the right of being heard before those courts who have the legal jurisdiction, which the court cannot do; it would be an illegal assumption of power.

Arbitrators were first invented to shorten litigation, to bring into one view, and to a final conclusion, disputes of multifarious complexions and natures; they are a kind of domestic tribunal, which the courts are cautious not to meddle with. They will never enter into the merits of the matter referred to arbitration, but only consider legal objections, and misbehavior of the arbitrators; for the arbitrators being judges of the parties own choosing, they shall not be allowed to object against the award, as an unreasonable judgment, or as a judgment against law. 3 Black, 17; 2 Burrow, 701, Lucas v. Wilson; 1 Blackst. Reports, 364, Montifiori v. Montifiori; 1 Atkins' Reports, 64, Metcalf v. Ives; 2 Atkins, 138, Astel v. Montgomery.

In this case there was no legal objections to the award taken at the return of it; nor is there any corruption, or

misbehavior of the arbitrators now complained of; it is a request to go again into the merits of a dispute, submitted, heard, and closed by the arbitrators.

Lastly.— The petition contains scurrility; it flagrantly impeaches the character and conduct of a very reputable man, in a point not pertinent to the cause; therefore, it ought to be rejected on that ground; for courts will not permit men to make use of legal process to vent their spleen. 3 Blackst. Com. 442.

The reporter did not hear the very ingenious argument of Mr. Edwards, in reply; it is, therefore, necessarily omitted in the report.

The COURT refused to dismiss the petition at that time; but resolved that inquiry should be made into the facts stated.

---

OLCOTT AND CALDWELL, ADMINISTRATORS OF OLCOTT, v. GRAHAM AND M'LEAN, ADMINISTRATORS OF HUMPHREY.

*Plene administravit,* not a good plea, according to the laws of this state.

ERROR from the Court of Common Pleas.    Olcott and Caldwell brought their action, in capacity of administrators, against the defendants, in the same capacity, on a note, given by their intestate, to the plaintiffs' intestate.—

The defendants pleaded,

1. Full payment by the original promisor, to the original promisee.

2. *Plene administraverunt.*

The plaintiffs traversed the full payment, and gave no answer to the other part; — to which the defendants de-